[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an administrative appeal from the decision of the Commissioner of Motor Vehicles suspending the plaintiff's motor vehicle license for a period of six months in accordance with Connecticut General Statutes § 14-227b.
The plaintiff claims that the hearing officer allowed and relied solely on hearsay evidence and, therefore, inadmissible evidence. The sole evidentiary issue raised at the hearing was proof of operation.
On review of the complete record of the hearing and evidence, it is clear that the only evidence of operation is presented in part of the State's Exhibit A (Attachment to the Form A-44) namely a three page "Continuation Report" (Trooper Cope), and a two page "Witness's Statement" (Trooper Saunders). At the hearing, the plaintiff made a general hearsay objection to the admissibility of these documents.
Further, there was an objection by defense counsel . . .
 "I saw a copy which had mixtures of signatures on it. Okay. I would still object to this because although there is an original signature on some of the pages, it is clear that this is a copy so I would object to its admissibility. It is not an entire original and therefore under Villa it doesn't give me an opportunity to examine the original." [Transcript, page 4.]
There is only one document admitted by the hearing officer that could fit into this description given in plaintiff's objection; that is the Continuation Report by CT Page 2113 Trooper Cope.
In that document, Trooper Cope signed the original report on November 20, 1993 and then made a copy to which he swore to before his supervisor on November 21, 1993.
The plaintiff never raised the issue at the hearing, but the document speaks for itself. Further, there is no direct or indirect objection to whether Auxiliary Trooper Saunders' Witness Statement was not an original and sworn under oath.
The court must accept hearing officer's statement on admitting these documents, "that since there are original signatures on the attachments, I'm going to overrule the objection."
The documents in Exhibit A were all sworn to.
The defendant claims that both attachments were made in accordance to Connecticut General Statutes § 14-227b(c) and the accompanying Connecticut Regulations.
Connecticut General Statutes § 14-227b(c) provides: The police shall prepare a written report of the incident . . . The report shall set forth the grounds for the officers belief that there was probable cause for arrest . . .
Connecticut Regulations Section 14-227b-10 requires that the report be made on a form approved by the Commissioner of Motor Vehicles and shall be sworn under oath.
The Form A-44 clearly allows for attachments that spell out the officer's belief and both disputed documents here do that.
The court finds that plaintiff's arguments are without merit and that the hearing officer correctly relied on them as substantive evidence. That evidence amounts to an admission by the plaintiff that he was the operator at the time, despite evidence at the hearing to the contrary. The court finds that it was appropriate to rely on such evidence and give the hearing officer's findings a most favorable review. In light of all the evidence there is no error.
McMahon, J. CT Page 2114